

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0653-20

**RAUL BAHENA, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FOURTEENTH COURT OF APPEALS
### HARRIS COUNTY

**MCCLURE, J., delivered the opinion of a unanimous Court.**

## O P I N I O N

At trial, Appellant objected that a State's witness was not the custodian of

records for a disc containing recordings of jailhouse calls. On appeal, the court of

appeals determined that the witness was the proper custodian of records and upheld

the trial court's admission of the disc. However, the majority noted that Appellant

failed to challenge—at trial and on appeal—that the State's witness was not another qualified witness, and this failure forfeited any appellate review on that issue.

We disagree that the Appellant's failure to object on the specific ground that the State's witness was not another qualified witness foreclosed consideration of review on that prong of Rule of Evidence 803(6)(D). However, we agree with the court of appeals' conclusion that the State satisfied the hearsay exception through the in-court testimony of the custodian of records. We go one step further and hold the State's witness was qualified to testify to authenticate the jail call recordings. Therefore, we affirm the court of appeal's judgment upholding the trial court's admission of the evidence.

*Background*

Appellant Raul Bahena was charged with aggravated robbery. The complainant testified at trial and identified Appellant as the man who robbed her of her backpack at gunpoint in a park. The State also called Sergeant Larry Franks with the Harris County Sheriff's Office to testify about recorded phone calls made from jail. Sgt. Franks testified that he was the supervisor of the Tactical Intelligence Unit with the Harris County Sheriff's Office. As part of his duties, Sgt. Franks and his staff were charged with "gathering and disseminating phone calls from the inmates into the jail and out of the jail."

Sgt. Franks testified about the manner in which the calls could be accessed by people in the Tactical Intelligence Unit. Specifically, he stated that the calls are stored according to each inmate's assigned number, or System Person Number (SPN), which the inmate enters into the phone, along with a personal identification number, before a call can be made.

Sgt. Franks identified Pete Galvan, a deputy whom Sgt. Franks supervised, as the individual who compiled the jail calls in this case. Sgt. Franks testified it was Galvan who stored and transferred these calls to the disc. However, Galvan was not available to testify at trial. Sgt. Franks testified that Galvan was "also a custodian of records," and he said it was the normal practice of the sheriff's office to retain the calls. Sgt. Franks said that the calls in this case were made from the jail by a caller using Appellant's identification numbers and codes, though the name and SPN of a different inmate were on the disc label.

Following Sgt. Franks's testimony, Appellant objected that the State had not timely designated Sgt. Franks on its witness list and that he was not the custodian of records of the jailhouse calls.

The trial court overruled the objections and allowed the admission of the calls. The State played recordings of phone calls made on seven separate dates in 2017 and 2018. In them, a caller with a male voice discusses the robbery and the possibility of paying the victim to recant or not cooperate with the prosecution. In

some calls, the caller speaks with people about not attending trial and evading subpoenas. In one call, the caller expresses regret for pointing his gun at one of his cousins, considering that to be the reason he was caught and put in jail because it prompted her to "call the law."

The jury found Appellant guilty of the offense charged in the indictment. Following a punishment hearing before the trial court, the trial court assessed Appellant's punishment at twenty-five years' confinement.

*Direct Appeal*

On direct appeal, Appellant asserted, among other grounds, that the trial court abused its discretion in overruling Appellant's objection that Sgt. Franks was not the custodian of records for the jailhouse calls.[1]

In its brief to the court of appeals, the State argued that the evidence established that Sgt. Franks was a custodian of records for the jail calls. The State also argued, for the first time, that being a custodian of records is not a necessity under Rule 803(6) and that the evidence also established that Sgt. Franks was "another qualified witness" as defined by Texas Rule of Evidence 803(6)(D).

---

[1] On direct appeal, Appellant raised three grounds: (1) the evidence is insufficient to support his conviction; (2) the trial court erred in failing to charge the jury on a lesser-included offense; and (3) the trial court abused its discretion by (a) overruling Appellant's objection that Sgt. Franks should not be allowed to testify because the State had not designated him timely on its witness list and (b) in overruling Appellant's objection that Sgt. Franks was not the custodian of records for the recordings of the jailhouse calls. In his petition for discretionary review, Appellant only challenges the court of appeals holding in the second subpoint of ground three. Therefore, we will not address the other grounds.

The court of appeals upheld the trial court's ruling that admitted Sgt. Franks's testimony and the recordings of the jailhouse calls. *Bahena v. State*, 604 S.W.3d 527, 538 (Tex. App.—Houston [14th Dist.] 2020). The majority stated that the required conditions of Rule 803(6) may be satisfied through the in-court testimony of either the custodian or another qualified witness. *Id*. The court of appeals then noted that Appellant did not object that Sgt. Franks was not "another qualified witness" or was not qualified to offer testimony under Rule 803(6). *Id*. The court relied on its own opinion in *Melendez v. State*, 194 S.W.3d 641, 644 (Tex. App.—Houston [14th Dist.] 2006, pet. ref'd), for authority that, in order to preserve error for a Rule 803(6) objection, a defendant must argue both that the witness is not a custodian of records and that the witness is not otherwise qualified. *Bahena*, 604 S.W.3d at 538. Therefore, relying on its interpretation of its own precedent, the court of appeals held that Appellant forfeited his argument by failing to object that Sgt. Franks was not "another qualified witness" under Rule 803(6). *Id*.

Justice Hassan wrote a dissenting opinion in which she disagreed with the majority that Appellant forfeited his right to have the merits of his objection heard. *Id*. Justice Hassan stated that the majority "improperly casts aside Appellant's hearsay argument because he failed (at trial) to object based on the 'qualified witness' prong of Texas Rule of Evidence 803(6)." *Id*. at 543. Justice Hassan continued to review Appellant's claim on the merits and held that Sgt. Franks was

not a custodian of records or a qualified witness under Texas Rule of Evidence 803(6) because there was no evidence he had "personal knowledge of the mode of preparation of the records." *Id*. at 543–44.

Appellant filed a petition for discretionary review with this Court, arguing that the court of appeals erred in deciding that Sgt. Franks was a custodian of records or another qualified witness for the purpose of admitting the phone call recordings. Specifically, Appellant argues that, while the court below decided, on the merits, that Sgt. Franks was a custodian of records, the majority did not actually address the merits of whether he was another qualified witness; instead, the court barred Appellant's complaint for failure to preserve error because he failed to specifically object that Sgt. Franks was not another qualified witness.

Appellant contends that *Melendez* did not stand for the proposition that error regarding "another qualified witness" must be preserved but that Melendez had failed to show evidence that the witness was not qualified. In other words, the court in *Melendez* conducted a merit analysis of the claim. In this case, Appellant argues that he objected to the State's admission of these inmate calls as a business records exception to the hearsay rule—Rule 803(6) of the Texas Rules of Evidence. As such, the objection shifted the burden of proof to the State to show that the evidence of the inmate calls was admissible under that exception.

We agree with Appellant. The court of appeals erred by stating that Appellant forfeited his right to appellate review by failing to specifically object that Franks was not "another qualified witness." We take this opportunity to explicitly disavow and reject the notion that a defendant must specifically object to both prongs of 803(6)(D) to entitle him to a merits review of his hearsay objection. Nevertheless, we affirm the decision below, as the record shows that Franks was indeed a custodian of records or another qualified witness. Our analysis follows.

*Analysis*

First, the court of appeals' reliance on *Melendez* as authority for the proposition that an Appellant must object under both prongs of 803(6) to preserve error for review is misplaced. *Melendez* involved a defendant who argued a business record was inadmissible hearsay because (1) someone from the business needed to authenticate it because the entries were made by someone from the business, and (2) the sheriff's deputy did not testify he was the custodian of records. *Melendez*, 194 S.W.3d at 644. Therefore, the issue was not that error had not been preserved by failing to object to the witness as not "another qualified witness," but that Melendez failed to present evidence to show that the witness was not a qualified witness. The court of appeals held that:

> Rule 803(6) does not require that the witness be the person who made the record or even be employed by the organization that made or maintained the record, and appellant cites no authority imposing any such requirement. Therefore, [Melendez]'s second issue fails to

demonstrate that [Deputy] Monfort was not a qualified witness for purposes of the business record exception to the hearsay rule.

*Id*.

Therefore, the court of appeals ruled against Melendez, not based on procedural default, but on the merits.

Second, even if *Melendez* stood for the proposition that a defendant must object to both prongs of Rule 803(6) to preserve error, this would be an erroneous holding. Once Appellant objected on the basis that Sgt. Franks was not the proper custodian of record, it became the State's burden as the proponent of the evidence to establish that the recorded jail calls were admissible. *See Taylor v. State*, 268 S.W.3d 571, 578–79 (Tex. Crim. App. 2008); *see also De La Paz v. State*, 273 S.W.3d 671, 681 (Tex. Crim. App. 2008) (holding the State had the burden of establishing the admissibility of the hearsay). It is not Appellant's burden to establish the *inadmissibility* of the State's hearsay. Thus, we disavow any proposition that bars review and faults a defendant for not arguing both prongs of Rule 803(6)(D).

This being the case, while Appellant did not specifically object that Sgt. Franks was not a "qualified witness," the substance of Appellant's objection was that Sgt. Franks's testimony was not adequate to admit the jail calls under Rule 803(6). In his PDR, Appellant argues that Sgt. Franks was not the custodian of records for the recordings and that the record is devoid of any evidence that Sgt.

Franks was qualified to testify to the authenticity of Appellant's inmate telephone calls. Since Appellant argues the merits, we will address his claims.

Hearsay is an out-of-court statement offered to prove the truth of the matter asserted in the statement. TEX. R. EVID. 801(d). Hearsay is inadmissible unless made admissible by statute or rule. TEX. R. EVID. 802. A record of an act, event, condition, opinion, or diagnosis, commonly called a "business record," is admissible hearsay if: (A) the record was made at or near the time by—or from information transmitted by—someone with knowledge; (B) the record was kept in the course of a regularly conducted business activity; (C) making the record was a regular practice of that activity; (D) all these conditions are shown by the testimony, affidavit, or unsworn declaration of the custodian or another qualified witness; and (E) the opponent fails to demonstrate that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness. TEX. R. EVID. 803(6).

Sgt. Frank's testimony satisfies rule 803(6)'s requirements. First, his testimony established that the records were made at or near the time by someone with personal knowledge. TEX. R. EVID. 803(6)(A). Sgt. Franks testified that the calls are automatically recorded and stored when they are made. Sgt. Franks could identify the recorded calls associated with the SPN and retrieve them and could then place them into a link or a disc to disseminate the call or calls to the requesting entity. Sgt. Franks testified that, in this case, Deputy P. Galvan—one of his subordinates in

the Tactical Intelligence Unit—made the disc but that Sgt. Franks was the one who marked it (explaining that the disc had the wrong name on it because "I put the wrong sticker on the wrong disc"). Sgt. Franks also identified the actual files on the disc as being the correct recordings.

Second, Sgt. Franks's testimony established that this record was kept in the course of the Harris County Sheriff Office's regularly conducted business. TEX. R. EVID. 803(6)(B). Sgt. Franks testified that the Harris County Sheriff's Office records "all" calls, except privileged calls, and that the process of recording and storing the calls is "automatic." Sgt. Franks described the method that was put into place for inmates to utilize the system.

Third, Sgt. Franks established that making this type of record is the regular practice of the Harris County Sheriff's Office. TEX. R. EVID. 803(6)(C). Specifically, Sgt. Franks stated that it was "[a]ffirmative" that "it's the normal business practice to keep these calls on file for the Harris County Sheriff's Office." Sgt. Franks testified that "part of our duties are [sic] gathering and disseminating phone calls from the inmates into the jail and out of the jail." Sgt. Franks described the process of making the record: the unit receives a request for the record and the unit then uploads the file onto a link or downloads it onto a disc.

Lastly, while Appellant complained on direct appeal that the jailhouse calls lacked trustworthiness based on Franks' testimony that many of the inmates rent

their identification numbers to other inmates for those inmates to make telephone calls from the Harris County Jail, the court of appeals noted that Appellant did not object at trial that the recordings lacked trustworthiness and, therefore, failed to preserve error. *Bahena*, 604 S.W.3d at 537. In this proceeding, Appellant argues that the absence of trustworthiness is further compounded by the incorrect name and SPN on the disc. However, Appellant's objection at trial was solely about the propriety of Sgt. Franks being the one to authenticate the calls under Rule 803(6). Appellant did not question Sgt. Franks about the possibility of some unknown, uncharged impersonator using Appellant's SPN and PIN until *after* the trial court admitted the jail calls. *See Moore v. State*, 935 S.W.2d 124, 130-31 (Tex. Crim. App. 1996)(holding the admission of hearsay must be preserved with a timely and specific objection to the evidence). Further, the mistake in the name was addressed by Sgt. Franks. He stated that he incorrectly labeled the disc with another inmate's name, but that he subsequently checked the actual files to ensure they were correctly Appellant's phone calls. Appellant has made no showing that the source of the information contained in the records, or the circumstances of its preparation indicate a lack of trustworthiness. *See* TEX. R. EVID. 803(6)(C).

We find this testimony was sufficient to establish Sgt. Franks as either a custodian, another qualified witness, or both so he could sponsor the recordings as

records of regularly conducted activity. *See* TEX. R. EVID. 803(6). The trial court did not abuse its discretion in admitting the recordings.

*Conclusion*

We disavow any language in *Melendez* that is interpreted to require a specific objection to "another qualified witness" in order to preserve appellate review under Texas Rule of Evidence 803(6). A custodian of records can be a qualified witness. But a qualified witness need not be a custodian of records. Either a custodian of records or another qualified witness may lay the predicate for admission of evidence. Therefore, we affirm the judgment of the court of appeals.

Delivered: November 24, 2021

PUBLISH